UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
James Caruso § Case No. 12-30787
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                 $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/STEVEN R. RADTKE_____
                                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-30787 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|---|
| Case Name: | James Caruso | | | | Date Filed (f) or Converted (c): | 08/01/2012 (f) |
| | | | | | 341(a) Meeting Date: | 10/01/2012 |
| For Period Ending: | 06/12/2013 | | | | Claims Bar Date: | 03/22/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence 1550 S. Blue Island Avenue Unit 720 & Ps65 Chicago | 100,000.00 | 0.00 | OA | 0.00 | FA |
| 2. Cash On Hand | 25.00 | 25.00 | OA | 0.00 | FA |
| 3. Metro Bank - Checking Account | 200.00 | 0.00 | OA | 0.00 | FA |
| 4. Sofa, Tv, Bed, Misc Table And Chairs, Washer & Dryer | 800.00 | 0.00 | OA | 0.00 | FA |
| 5. Ordinary Wearing Apparel | 300.00 | 0.00 | OA | 0.00 | FA |
| 6. Term Insurance Through Employer | 0.00 | 0.00 | OA | 0.00 | FA |
| 7. 403D - Fidelity | 15,000.00 | 0.00 | OA | 0.00 | FA |
| 8. Surs 401K Plan | 50,000.00 | 0.00 | | 0.00 | FA |
| 9. Possible Personal Injury Action Against Rena Marten | 0.00 | 0.00 | | 50,000.00 | FA |
| 10. 2006 Pontiac Grand Prix | 4,500.00 | 0.00 | OA | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $170,825.00     $25.00     $50,000.00     $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Possible PI case against Rena Marten; employed as Trustee's special counsel Samuel S. Bae

Initial Projected Date of Final Report (TFR): 12/30/2014     Current Projected Date of Final Report (TFR): 12/30/2014

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 12-30787 | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|
| Case Name: | James Caruso | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX0278 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX8491 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 06/12/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/30/13 | 9 | GEICO<br>One Geico Center<br>Macon, GA 31296-0001 | Insurance proceeds from personal injury claim | 1142-000 | $50,000.00 | | $50,000.00 |
| 05/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $49,990.00 |
| 05/14/13 | 1001 | Samuel S. Bae and Law Office of Samuel S. Bae<br>Law Office of Samuel S. Bae<br>2720 South River Road<br>Suite 36<br>Des Plaines, IL 60018 | Trustee's Attorney's Fees per court order dated 2/19/13 | 3210-000 | | $16,666.67 | $33,323.33 |
| 05/14/13 | 1002 | Samuel S. Bae and Law Office of Samuel S. Bae<br>Law Office of Samuel S. Bae<br>2720 South River Road<br>Suite 36<br>Des Plaines, IL 60018 | Trustee's Attorney's Expenses per court order dated 2/19/13 | 3220-000 | | $212.93 | $33,110.40 |
| 05/15/13 | | Associated Bank | Refund Bank Service Charge | 2600-000 | | ($10.00) | $33,120.40 |
| 05/30/13 | 1003 | Therese L. Caruso and Peter Caruso<br>3451 S. Emerald Avenue<br>Chicago, IL 60616 | Exemption in personal injury proceeds | 8100-002 | | $15,000.00 | $18,120.40 |

| | | |
|---|---|---|
| COLUMN TOTALS | $50,000.00 | $31,879.60 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $50,000.00 | $31,879.60 |
| Less: Payments to Debtors | $0.00 | $15,000.00 |
| Net | $50,000.00 | $16,879.60 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*     Page Subtotals:     $50,000.00     $31,879.60

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0278 - Checking | $50,000.00 | $16,879.60 | $18,120.40 |
| | $50,000.00 | $16,879.60 | $18,120.40 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $50,000.00 |
| Total Gross Receipts: | $50,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-30787  
Debtor Name: James Caruso  
Claims Bar Date: 3/22/2013

Date: June 12, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $4,250.00 | $4,250.00 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $4.70 | $4.70 |
| 1 300 7100 | Atlas Acquisitions Llc (Hsbc)<br>294 Union St.<br>Hackensack, Nj 07601 | Unsecured | | $0.00 | $1,303.53 | $1,303.53 |
| 2 300 7100 | N. A. Fia Card Services<br>Fia Card Services, N.A.<br>4161 Piedmont Parkway<br>Nc4 105 03 14<br>Greensboro, Nc 27410 | Unsecured | | $0.00 | $7,995.56 | $7,995.56 |
| 3 300 7100 | N. A. Fia Card Services<br>Fia Card Services, N.A.<br>4161 Piedmont Parkway<br>Nc4 105 03 14<br>Greensboro, Nc 27410 | Unsecured | | $0.00 | $5,926.18 | $5,926.18 |
| 4 300 7100 | Pyod, Llc Its Successors And<br>Assigns As Assignee<br>Of Citibank, N.A.<br>Resurgent Capital Services<br>Po Box 19008<br>Greenville, Sc 29602 | Unsecured | | $0.00 | $5,715.01 | $5,715.01 |
| 5 300 7100 | University Station Condo Assoc<br>C/O Kovitz, Shifrin Nesbit<br>750 W Lake Cook Road Suite 350<br>Buffalo Grove, Il 60089 | Unsecured | | $0.00 | $5,429.40 | $5,429.40 |
| | Case Totals | | | $0.00 | $30,624.38 | $30,624.38 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1    Printed: June 12, 2013

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-30787
Case Name: James Caruso
Trustee Name: STEVEN R. RADTKE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____
Remaining Balance                                                                     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Atlas Acquisitions Llc (Hsbc) | $ | $ | $ |
| 2 | N. A. Fia Card Services | $ | $ | $ |
| 3 | N. A. Fia Card Services | $ | $ | $ |
| 4 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 5 | University Station Condo Assoc | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance         $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE